**EXHIBIT A**

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2022-Oct-19  09:19:04
60CV-22-7190
C06D16 : 24 Pages

# IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**JUDD WALKER**                                                    **PLAINTIFF**

**vs.**                          **CASE NO. 60CV-22-_____**

**JARED COLEMAN, TYLER PIERCE,**
**TOM JONES, AND MIKE KELLY**                       **DEFENDANTS**

## COMPLAINT

Comes now the Plaintiff, Judd Walker, by and through his undersigned counsel, and for his Complaint against Defendants, Jared Coleman, Tyler Pierce, Tom Jones and Mike Kelly, states and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, Judd Walker, is a resident of Texas.

2.    Defendants, Jared Coleman, Tyler Pierce, and Mike Kelly are residents of Pulaski County, Arkansas.

3.    Defendant, Tom Jones, is a resident of Bibb County, Georgia. Mr. Jones has subjected himself to the personal jurisdiction of this Court by his personal presence in Pulaski County, Arkansas in connection with this matter, conducting business in Arkansas, engaging in wrongful acts and/or omissions in Arkansas, and other constitutionally sufficient minimum contacts that occurred in Pulaski County, Arkansas.

4.    The facts forming the basis of this Complaint occurred in large part in Pulaski County, Arkansas.

5.    This Court has jurisdiction over all parties to this action based on general

jurisdiction and because the causes of action arise out of and/or are related to the defendants' contacts in Arkansas. Defendants have purposefully availed themselves of the privilege of conducting activities with Arkansas including invoking the benefits and protection of its laws.

6.    This Court has jurisdiction over the subject matter of this action.

7.    Venue is proper in Pulaski County, Arkansas.

## BACKGROUND FACTS

8.    As further alleged below, this Complaint arises from the Defendants' conspiracy to defraud Judd Walker of his rightful ownership interest in a partnership with Defendants. Through a pattern of deceit and fraud, and in violation of their fiduciary duties, the Defendants conspired with each other and took actions in bad faith that were intended to, and did in fact, result in the unjust enrichment of the Defendants, thus depriving Judd Walker of his lawful right to a 20% share of the partnership that is the subject of this action and a corresponding share of the partnership profits.

9.    Tom Jones is a businessman residing in Macon, Georgia, who, prior to the early part of 2018, had a business relationship with Shams Nanji and Amin Chitalwala. As partners, Nanji and Chitalwala own Gas Express, LLC ("Gas Express"), one of the largest multi-state Circle K franchises in the United States. Gas Express is an independently owned convenience store ("c-store") chain offering brands including BP, Shell, Texaco, and Chevron. Gas Express operates gas stations throughout the south and southeast and is currently expanding their operations throughout multiple states.

10.    In early 2018, Tom Jones convinced the owners of Gas Express that he could help them expand their business in the Midwest and South through relationships he had with real estate developers in those parts of the country. To advance the interest of the owners of Gas Express in

expanding their operation to other states, including Arkansas, Tom Jones contacted Mike Kelly, who was a longtime close friend of his. Mike Kelly was an acquaintance of both Judd Walker and a third party named Blake Smith and knew both Judd Walker and Blake Smith had experience in real estate development projects and could help facilitate the type of projects envisioned by Tom Jones and the owners of Gas Express. Following his conversation with Tom Jones, Mike Kelly reached out to Judd Walker and Blake Smith to solicit their involvement in Tom Jones's proposed real estate development venture. Both Judd Walker and Blake Smith agreed to lend their expertise and participate. Judd Walker understood and acknowledged that he would be executing the bulk of the workload in identifying development sites as a partner in the real estate venture and that his involvement and real estate business acumen would be essential to establishing Arkansas and surrounding states as attractive markets for Gas Express. Blake Smith understood and acknowledged that, as a partner in the real estate venture, his primary responsibility would be to raise the capital necessary to execute the agreed upon business plan.

11.     Through Mike Kelly, arrangements were made for Tom Jones to travel to Little Rock, Arkansas, and meet with Judd Walker and Blake Smith on or about March 13, 2018. The purpose of Tom Jones's trip was to meet his new business partners in person, review potential sites for the expansion of the Gas Express c-store business, and gauge the potential in the Little Rock market for such businesses. During their time together in Central Arkansas, Tom Jones made clear to both Judd Walker and Blake Smith that he wanted to form a partnership to pursue this real estate venture.

12.     Beginning on or about March 13, 2018, and continuing through the early part of 2019, Judd Walker devoted substantially all his work efforts toward the advancement of the business objectives of the real estate development partnership. In contrast, the other

3

Arkansas-based partners did not do anything significant to advance the business plan of the partnership until around July 2018. As evidenced by the voluminous emails, text messages, and phone calls between and among the parties in 2018, Judd Walker's efforts for those nine (9) months went far beyond the efforts of the other Arkansas-based participants and involved far more than brokering deals in Arkansas. As a result of various personal and legal problems that surfaced following the March 13, 2018, meeting in Little Rock, Blake Smith decided to withdraw from the real estate partnership and was replaced by his close friend and former business colleague, Tyler Pierce, who claimed to be well-connected with affluent Arkansans who could afford to invest significant amounts of capital in the real estate development venture. At the time, Tyler Pierce had no experience whatsoever in real estate acquisition and development projects.

13.     Tyler Pierce also persuaded Tom Jones that another close friend of his named Jared Coleman would be an invaluable addition to the real estate partnership. At the time he made that recommendation, Tyler Pierce knew that Jared Coleman had no experience whatsoever in real estate development projects and would add minimal value to the success of the partnership. Tyler Pierce's actual motive in recommending that Jared Coleman be added to the real estate partnership was based strictly on his desire to help his close friend make some money. Relying on Tyler Pierce's recommendation, Tom Jones, Mike Kelly, Tyler Pierce, and Judd Walker agreed to bring Jared Coleman on board in July 2018 with the understanding that Jared's responsibilities would be limited to clerical and administrative matters on a part-time basis.

14.     In a series of meetings and conference calls that occurred at various times in 2018, the parties to this action agreed that, acting as "*partners,*" they would advance the goal of the owners of Gas Express to expand their footprint, with the primary purpose of making considerable sums of money for themselves, by: (a) locating potential sites in Arkansas, Louisiana, Georgia,

4

North Carolina, Texas, and elsewhere for the establishment of Gas Express c-stores and gas stations; (b) acquire those sites in the name of the newly formed partnership; and, (c) in turn, develop the real properties so acquired and enter into a long-term lease agreement with owners of Gas Express by the terms of which the real estate would be leased to the owners of Gas Express LLC under terms favorable to the partnership.

15.    As a consequence of his association with the owners of Gas Express, Tom Jones took the lead in negotiating such an agreement. Tom Jones, as an agent of the partnership, agreed on the material terms of the agreement with the owners of Gas Express on or about August 25, 2018. The agreement provided that the amount of rent the partnership would receive annually for the developed properties would be 8.25% of the partnership's total construction costs and a development fee of $100,000 on each property. These terms in the agreement with Gas Express were critical to the success of the partnership business plan for the reason that it would provide a vehicle allowing the partnership to acquire financing for the purpose of acquiring and developing real property to lease to the owners of Gas Express. On or about September 11, 2018, Tom Jones informed the other participants in the real estate venture that multiple lease agreements had been finalized and signed by Bluefin Development, LLC, and principals of Gas Express.

16.    Prior to and following the execution of the lease agreements, the partners were actively engaged in locating and acquiring real property in Arkansas, Louisiana, Georgia, and elsewhere.

17.    On August 27, 2018, Tom Jones sent an email to the partnership group about the structure of the company, establishing a holding company, and what needed to be done to set it up. At about the same time, the parties to this action (hereinafter referred to as "the partners") unanimously agreed to formalize their oral partnership agreement in the form of a limited liability

company ("LLC"). Jared Coleman was assigned and accepted the responsibility to forming the LLC and filing the necessary paperwork with the Arkansas Secretary of State. For the next few days, the partners exchanged numerous text messages with suggestions about the name of the LLC. Judd Walker proposed "Bluefin Development LLC," which the partners then unanimously adopted.

18.     Shortly thereafter, on or about August 30, 2018, "Bluefin Development LLC" was lawfully formed as an Arkansas limited liability company with Jared Coleman as the "organizer."

19.     At a later date, Judd Walker caused his own brokerage firm to be created under the name "Bluefin Brokerage," which not only caused the knowledge of "Bluefin" to be more widely disseminated in the public but also reinforced that Judd Walker was a member of the Bluefin partnership. At the time the parties decided to formalize their partnership in the form of an LLC, they each understood and agreed that they would all sign an "Operating Agreement'' setting forth certain legal formalities under Arkansas law.

20.     On or about September 13, 2018, Tom Jones sent the other partners a text message that said, "Please go ahead and execute the Bluefin Operating Agreement. We can assign ownership to investors later."

21.     In late 2018, various emails and text messages were exchanged among the partners regarding the design process of the Bluefin website. The partners were all given the opportunity to approve the content and gave their approval to the final design and content. An October 30, 2018, email from Tom Jones to the other partners included "Website – update content" as part of the agenda for the coming week. When the Bluefin Development LLC website went live, the identification of the five Bluefin "partners," including Judd Walker, was conspicuously displayed in the following format:

6



WHO WE ARE

Tom Jones, *Partner*

Tyler Pierce, *Partner*

Judd Walker, *Partner*

Jared Coleman, *Partner*

Mike Kelly, *Partner*

ABOUT TEAMS & PARTNERS

Bluefin Development

610 President Clinton Avenue Little Rock, AR 72201

CONTACT US

Walker000273

22.    On October 15, 2018, Jared Coleman sent an e-mail to the other partners with examples of the color scheme and design of business cards for all the partners with "partner" appearing next to their name. Thereafter, Judd Walker was provided with business cards identifying him as a "partner" that he, with full knowledge of his partners, distributed to multiple parties in pursuit of furthering the business plan of Bluefin Development, LLC. Such parties included construction site engineers, architects, and attendees of the International Council of Shopping Centers Convention in Atlanta, Georgia, which Judd Walker attended with the other partners on behalf of Bluefin Development.



23.     On October 1, 2018, Jared Coleman sent an email to all the Bluefin partners describing the information that would be needed from all the partners to obtain a cost quote for a group health insurance policy.

24.     On November 6, 2018, Tom Jones sent an email to the other Bluefin partners to inform them that the deal with Net Lease alliance had been finalized for eight stores and said "We will gross $2.1MM at a 7% Cap. Better if we get a lower Cap."

25.     At various times in 2018, Tom Jones sent financial data and projections to the other Bluefin partners which illustrated how much profit the partnership was expected to realize as projects were completed.

26.     On August 30, 2018, Tom Jones sent an email to the Bluefin partners and attached a cash flow model that he planned to give to potential bank lenders. As such, Tom Jones knew or should have known that, unless he intended to defraud lending banks, the cash flow model had to represent a good faith, legitimate statement of projected income and expenses based on the most accurate information then available. The cash flow model showed projected income for Bluefin Development of more than $200,000 per project during years two through six.

27.    On August 31, 2018, without prior notice to Judd Walker, Jared Coleman sent a proposed Operating Agreement for Bluefin Development to the partnership group with "Members Page" in the subject line.

28.    At the time Jared Coleman circulated the proposed Operating Agreement among the partners, he and Tyler Pierce both knew that Judd Walker was out of the office all day scouting potential new development sites. In the email, Jared Coleman made clear that the group should all sign the Operating Agreement ASAP so that it would be ready for a presentation to Aaron Peeples, a potential investor Tyler Pierce had arranged for the group to meet with later in the day. Tyler Pierce had touted Aaron Peeples as a friend of his who had discretionary access to his stepfather Charles Morgan's wealth and could deliver the large amount of capital the Bluefin partners needed at the time.

29.    The "Effective Date" of the proposed Operating Agreement was defined as the date the Articles of Organization were filed with the Secretary of State (August 30, 2018).    The signature page where the partnership members were to sign was pre-signed by Jared Coleman. Exhibit A to the Operating Agreement listed the percentage of ownership of the Bluefin partners.

EXHIBIT A

| Name & Contact Information of Member | Initial Capital Contribution | Membership Interest Percentage |
|---|---|---|
| Ridgebury Development, LLC 3418 Commonwealth Drive Bryant, AR 72022 E-mail: tom@ridgeburydevelopment.com | $1.00 | 35% |
| 1510 Rock Holdings, LLC 315 Rock St., #1510 Little Rock, AR, 72201 Email: apeeples@fnxation.com | $1.00 | 20% |
| Jcampbell615 Holdings, LLC 6020 Ranch Drive, C4 Little Rock, AR 72223 E-mail: Tyler@rockcapital-partners.com | $1.00 | 13.33% |
| JB Walker, LLC 800 North Street #43 Little Rock, AR, 72201 E-Mail: Judd@rockcapital-partners.com | $1.00 | 13.33% |
| Hienium Holdings, LLC 6020 Ranch Drive, C4 Little Rock, AR 72223 E-Mail: Jared@rockcapital-partners.com | $1.00 | 13.33% |

MEMBERS:

Ridgebury Development, LLC
Thomas Jones, President

1510 Rock Holdings, LLC
Aaron Peeples, Manager

Jcampbell615, LLC
Tyler Pierce, Manager

JB Walker, LLC
Judd Walker, Manager

Jared Coleman, LLC
Jared Coleman, Manager

MK14, LLC
Mike Kelly, Manager

Walker000267

| | | |
|---|---|---|
| MK14, LLC 2510 Riverfront Dr. #4 Little Rock, AR, 72202 E-Mail: standkelly1989@gmail.com | $1.00 | 5% |
| TOTALS | $6.00 | 100% |

Walker000270

30.    Notably, it also listed Aaron Peeples as a 20% partner, which came as a complete surprise to Judd Walker. After all, the proposed Operating Agreement would have given Aaron Peeples a 20% interest in the LLC before Peeples had even demonstrated his desire and ability to provide significant capital to the Bluefin partnership. Judd Walker was even more surprised that Exhibit A assigned to him only a 13.3% ownership in Bluefin and that Tyler Pierce and Jared Coleman were also to receive 13.3% interests in the LLC. After all, Judd Walker had been working countless hours providing significant value to the partnership for almost six months. In contrast, Jared Coleman and Tyler Pierce had only recently joined the partnership. Together they were continuing to work on oil and gas deals, which was Jared Coleman's primary business. Jared Coleman had done nothing beyond what could have been delegated to a part-time secretary. Tyler

Pierce had yet to produce a single dollar of investment capital and was spending the vast majority of his days working at the offices of his golf cart business.

31.    After receiving the email from Jared Coleman on August 31, 2018, and returning to the Bluefin office for the meeting with Aaron Peeples, Jared Coleman brought Judd Walker into an office and handed him the Operating Agreement to sign, just minutes before Aaron Peeples arrived. Judd Walker expressed his objection to the percentage interests shown on Exhibit A and being asked to sign the document without any discussion among the partners about what percentages would be assigned to each of the partners and without any financial commitment from Aaron Peeples.   Judd Walker also expressed that sentiment to Tyler Pierce. Under the circumstances, Judd Walker declined to sign the document. The disagreement was still unresolved when the group met with Aaron Peeples a few minutes later.

32.    The meeting with Aaron Peeples concluded with a sense of optimism among some of the partners. However, Judd Walker remained skeptical that Aaron Peeples had the discretion to invest his stepfather's money or that he could convince his stepfather Charles Morgan to invest in Bluefin himself. As it turned out, Judd Walker's skepticism was well-placed. Before long, it became clear that Tyler Pierce was mistaken in thinking Aaron Peeples could deliver any significant investment capital – much less the amount that the Bluefin partners had sought from him during the meeting on August 31, 2018.

33.    When it became apparent that Aaron Peeples could not deliver any investment capital and would, therefore, not receive any ownership interest in Bluefin, Judd Walker assumed that Jared Coleman's suggestion that Judd Walker only receive a 13% interest was nothing more than an ill-conceived, spur of the moment idea.

34.    At some point in time in late 2018, the Defendants conspired in secret to exclude

Judd Walker from the partnership to develop real estate, divvy up his ownership interest among themselves, and thereby unjustly enrich themselves at Judd Walker's direct expense. Thereafter, on or about November 19, 2018, knowing that Judd Walker was still fully in the dark of their plans to deprive him of his partnership interest, including, but not limited to, Bluefin Development, LLC, and divide the spoils up among themselves, Jared Coleman, Tyler Pierce, Tom Jones, and Mike Kelly each signed a new Operating Agreement naming Tom Jones and Tyler Pierce as managing members with an "Effective Date" of November 19, 2018.

MANAGERS:

_____
Thomas Jones, Manager

_____
Tyler Pierce, Manager

MEMBERS:

_____
Ridgebury Development, LLC
Thomas Jones, President

_____
Jcampbell615, LLC
Tyler Pierce, Manager

_____
Jlonians Holdings, LLC
Jared Coleman, Manager

_____
MK14, LLC
Mike Kelly, Manager

Page 15 of 16

Walker000478

12

35.    As intended by the Defendants, and without any legal justification, the Operating Agreement excluded Judd Walker from the partnership including but not limited to Bluefin Development LLC.  In doing so, the Defendants intended to deprive Judd Walker of his share of the enormous profits they intended to realize in the coming years and build on the nine months of work Judd Walker had done without any compensation to make their profit goals achievable. Exhibit A to the Operating Agreement set forth new percentage ownership interests for what was then only four partners (as opposed to five).

36.    By unlawfully excluding Judd Walker from the partnership without his knowledge, what would have been Judd Walker's percentage interest was divided among the Defendants, resulting in a significant increase in the percentages that Tyler Pierce and Jared Coleman would own and, correspondingly, the percentage of the partnership profits they would each be entitled to receive. More specifically, the new Operating Agreement (a) increased Tyler Pierce's ownership interest from 13.3% to 30% (a multiple of 2.3 times what he would have received under the terms of the first proposed Operating Agreement that Judd Walker had declined to sign); and (b) increased Jared Coleman's ownership interest from 13.3% to 20% (one and a half times the percentage interest he had been assigned in the first proposed Operating Agreement).

37.    Up to and including the date on which they carried out their duplicitous, fraudulent scheme to exclude Judd Walker from the partnership that resulted in Bluefin Development LLC and continuing immediately thereafter and for the next six weeks, Defendants Tyler Pierce, Jared Coleman, Tom Jones, and Mike Kelly continued to treat Judd Walker as a partner and communicated with him via text messaging, e-mails, and otherwise as though they had no plans to alter their partnership agreement. For instance, on the heels of defrauding Judd Walker by secretly executing the November 19, 2018, Operating Agreement, Mike Kelly sent an email to a third party

shortly thereafter that included an ESA Agreement signed by Judd Walker on November 20, 2018, as a "Partner" in Bluefin Development LLC.

38.     On November 30, 2018, Bluefin Development office administrator Nichole McGeorge sent a pdf document via email to the partners for the purpose of sending it to a potential third-party investor called Net Lease Alliance, identifying the five "partners" of Bluefin as follows.

Nichole McGeorge <nichole@sequenceeventsar.com>                          Fri, Nov 30, 2018 at 10:38 AM
To: tom@bluefindevelopment.com
Cc: DeAnna Korte <deanna@sequenceeventsar.com>, Hannah Troillet <hannah@sequenceeventsar.com>, Tyler Pierce
<tyler@bluefindevelopment.com>, jared@bluefindevelopment.com, judd@bluefindevelopment.com,
mike@bluefindevelopment.com

Tom,

Attached is the new contact list. Let me know if you have any changes.

https://mail.google.com/mail/u/0?ik=310ceee7a7&view=pt&search=all&permthid=thread-f%3A1614575512267791902&simpl=msg-f%3A1614575512267791902&...   3/4



### Tyler J. Pierce
Partner
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-529-9811                                        tyler@bluefindevelopment.com

### Jared Coleman
Partner
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-837-2480                                        jared@bluefindevelopment.com

### Tom Jones
Partner
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
478-731-7160                                        tom@bluefindevelopment.com

### Judd Walker
Partner
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-416-9241                                        judd@bluefindevelopment.com

### Mike Kelly
Partner
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
528-258-8553                                        mike@bluefindevelopment.com

### Nichole McGeorge
Administrative Assistant
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-517-0064                                        nichole@sequenceeventsar.com

### Hannah Bryan
Administrative Assistant
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-470-5813                                        hannah@sequenceeventsar.com

### DeAnna Korte
Administrative Assistant
Bluefin Development
610 President Clinton, Ste. 1-A
Little Rock, AR 72201
501-519-4252                                        deanna@sequenceeventsar.com

---

3/4/2020                                    Gmail - FW: Net Level Alliance Contact List

Nichole
[Quoted text hidden]

📎 Bluefin contact list.pdf
     49K

tom@bluefindevelopment.com <tom@bluefindevelopment.com>                  Fri, Nov 30, 2018 at 11:16 AM
To: Nichole McGeorge <nichole@sequenceeventsar.com>
Cc: DeAnna Korte <deanna@sequenceeventsar.com>, Hannah Troillet <hannah@sequenceeventsar.com>, Tyler Pierce
<tyler@bluefindevelopment.com>, jared@bluefindevelopment.com, judd@bluefindevelopment.com,
mike@bluefindevelopment.com

Thanks so much.  Can you also provide in word format?  Thanks!

Tom Jones

Partner

Bluefin Development

610 President Clinton Ave.

Little Rock, AR 72201

39.     Shortly after receiving the email from Nicole McGeorge, Tom Jones sent her an email asking her to send him the same document in Word format.  Tom Jones requested the list of the partners in Word format so that he could secretly alter Judd Walker's name from "Partner" to "Principal Broker" on the list before sending the names and contact information for the Bluefin partners to Net Lease Alliance. By requesting the document from Nicole McGeorge in Word format, Tom Jones secretly changed the list of partners without alerting Judd Walker to the existence of the November 19, 2018, Operating Agreement, thereby committing yet another overt act of fraudulent concealment in furtherance of the Defendants' conspiracy.

40.     On two occasions during December 2018, Judd Walker suggested to Jared Coleman that they schedule a meeting to work out the still unresolved issue concerning the percentage interests in the Operating Agreement. On both occasions, knowing full well that an Operating Agreement had already been signed for the purpose of redistributing Judd Walker's interest to himself and the other partners, Jared Coleman deliberately deceived Judd Walker by telling him he would take care of getting that done the next day, or words to that effect. Jared Coleman said nothing else to Judd Walker about the Operating Agreement or the unresolved issue of percentages during the month of December and continued to treat Judd Walker as though nothing had changed.

41.     Six weeks after carrying out their fraudulent scheme, when Jared Coleman was in Judd Walker's office on January 2, 2019, Judd Walker again asked Jared Coleman about getting the group together to discuss and make a decision about the percentage of ownership each partner would be assigned in the LLC. After stuttering for a moment, Jared Coleman told Judd Walker that he did not want to be "the bearer of bad news'' and told him the other partners had already signed an Operating Agreement that excluded Judd Walker from the partnership. Soon thereafter, it became clear that one or more of the Defendants had taken action to prevent Judd Walker from

having access to the section of the Bluefin DropBox file entitled, "Operating Agreement." At roughly the same time, without prior notice to Judd Walker, Tyler Pierce, Jared Coleman, Tom Jones, and Mike Kelly took steps to: (a) lock Judd Walker out of his office with his personal belongings inside, including his broker's license; and (b) disconnect Judd Walker from the Bluefin Development email system, resulting in incoming business emails being returned to senders without explanation.

42.    Judd Walker is entitled to, and claims as a matter of law, a twenty percent (20%) ownership interest in the partnership and all of its assets including, but not limited to Bluefin Development, LLC and any subsidiaries, affiliates, and/or related entities owned in whole or in part by any defendant including any successor and/or assignee. Upon information and belief, Defendants have formed entities to develop, own, and control assets subject to the partnership agreement.

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

43.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

44.    The wrongful acts and omissions of the Defendants was in breach of the partnership agreement made by the parties as alleged herein and a legal and proximate cause of damages to Judd Walker in an amount to be determined by a jury empaneled to try the issues of fact in this case.

### COUNT TWO: PROMISSORY ESTOPPEL

45.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

46.    As stated above, the Defendants promised Judd Walker that he would be a partner in the partnership that resulted in Bluefin Development LLC and all related entities formed for the purpose of developing real estate for Gas Express stores.

47.    Defendants reasonably expected Judd Walker to act in reliance on their promise.

48.    In reliance upon Defendants' promise, Judd Walker worked countless hours for the benefit of the partnership, as described above.

49.    It is unjust for Defendants to refuse to honor their promise to Judd Walker.

50.    Injustice can be avoided only by enforcement of the promise.

## COUNT THREE: UNJUST ENRICHMENT

51.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

52.    Judd Walker provided services to Defendants and the partnership, who received the benefit of his services.

53.    Judd Walker reasonable expected to be compensated for his services to the Defendants and the partnership by being made an equal partner.

54.    Defendants were aware that Judd Walker was providing such services with the expectation of being compensated, and they accepted his services.

55.    Judd Walker is entitled to the reasonable value of his services rendered to Defendants in the form of an equal percentage of the partnerships that were formed.

## COUNT FOUR: CONVERSION

56.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

57.    At all material times, Judd Walker owned an interest in Bluefin Development, LLC,

and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants.

58.    The Defendants took or exercised dominion or control over Judd Walker's interest in Bluefin Development, LLC, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants, in violation of Judd Walker's rights.

59.    Further, the acts of the Defendants described herein were taken either maliciously or under circumstances in which malice may be inferred so as to entitle Judd Walker to an award of punitive damages from the Defendants.

## COUNT FIVE: BREACH OF FIDUCIARY OBLIGATIONS

60.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

61.    As partners in Bluefin Development, LLC, each of the Defendants owed fiduciary duties to Judd Walker, those duties consisting of duties of loyalty and fair dealing and not engaging in self-dealing. The acts of the Defendants described herein are in breach of those fiduciary duties and proximately caused damages to Judd Walker in an amount to be determined by a jury empaneled to try the issues of fact in this case but in excess of the amount required for federal court diversity jurisdiction.

62.    The acts of the Defendants described herein in breaching their fiduciary duties owed to Judd Walker were conducted either maliciously or under circumstances which malice may be inferred so that Judd Walker is entitled to an award of punitive damages from the Defendants.

## COUNT SIX: FRAUD

63.    The allegations of the preceding paragraphs of this Complaint are incorporated

herein by reference.

64.     The acts and conduct of the Defendants described in the preceding paragraphs of this Complaint, including but without limitation the act of forming Bluefin Development, LLC, without Judd Walker as an owner of a portion of such limited liability company and doing so without notice to him proximately caused damages to the Plaintiff in an amount to be determined by a jury empaneled to try the issues of fact in this case.

65.     The acts and conduct of the Defendants in defrauding the Plaintiff as is alleged were taken either maliciously or under circumstances in which malice may be inferred so that the Plaintiff is entitled to an award of punitive damages from the Defendants.

## COUNT SEVEN: ACCOUNTING

66.     The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

67.     As a partner in the partnership described herein and as the beneficial owner of an interest in Bluefin Development, LLC, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants, the Plaintiff is entitled to an accounting from the Defendants of all income, expenses, profits, expenses, and any other financial transactions engaged in by Bluefin Development, LLC, the defendants, and all other entities created by Defendants in furtherance of developing Gas Express sites and stores.

## COUNT EIGHT: DECLARATORY JUDGMENT

68.     The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

69.     A judicial issue exists between these parties involving the ownership of Bluefin Development, LLC, any monetary interests Defendants have from developing Gas Express sites

or stores, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants. The Plaintiff is entitled to a declaration from this Court, pursuant to Ark. Code Ann. § 16-11-101, *et seq.*, and Rule 57, Ark. Rules Civ. Pro., to establish that Bluefin Development, LLC, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants, are and, at all material times, were owned 20% by Judd Walker.

**COUNT NINE: CHARGING ORDER**

70.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

71.    As a consequence of the damages sustained by the Plaintiff as have been alleged herein, the Plaintiff is entitled to a charging order against the assets of Bluefin Development, LLC, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants, and against the interest of each of the Defendants for the purpose of securing payment to the Plaintiff of the damages he has sustained.

**COUNT TEN: THEFT BY DECEPTION**

72.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference

73.    The Defendants knowingly and deliberately took or exercised unauthorized control over or made an unauthorized transfer of an interest in the property of Judd Walker with the purpose of depriving him of such property. In the alternative, the Defendants obtained the property of Judd Walker by deception with the purpose of depriving him of his property.

74.    The property unlawfully acquired from Judd Walker by the Defendants had a value in excess of $1,000, the statutory basis for a Class C felony under Ark. Code Ann. § 5-36-103

21

(Theft of Property).

75.    Accordingly, pursuant to Ark. Code Ann. § 16-118-107 (Civil Action by Crime Victim), Judd Walker is entitled to recover from the Defendants the value of the unlawfully acquired property, his costs, and attorneys' fees.

## COUNT ELEVEN: CIVIL CONSPIRACY

76.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

77.    Defendants (hereinafter "the co-conspirators") made an agreement to accomplish a purpose that is unlawful or oppressive. In the alternative, the Defendants made an agreement to accomplish, by unlawful or oppressive means, a purpose that is not in itself unlawful or oppressive.

78.    The co-conspirators knowingly entered into the conspiracy.

79.    The preponderance of the evidence will establish that each of the co-conspirators is liable to Judd Walker on one or more of the above-described tort claims.

80.    One or more of the co-conspirators committed one or more overt acts in furtherance of the conspiracy.

81.    The co-conspirators entered into the conspiracy with the specific intent to harm Judd Walker.

82.    The conspiracy proximately caused damages to Judd Walker.

## COUNT TWELVE: PUNITIVE DAMAGES

83.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference.

84.    The acts and conduct of the Defendants described herein constitute a breach of fiduciary obligations owed to the Plaintiff, the conversion of the Plaintiff's interest in the

partnership alleged herein and in Bluefin Development, LLC, and all other entities created by Defendants in furtherance of the partnership entered into by and between Judd Walker and the Defendants, and a fraud perpetrated upon the Plaintiff. Furthermore, the Defendants intentionally pursued a bad faith course of conduct for the purpose of causing injury or damage to Judd Walker or knew or ought to have known, in light of the surrounding circumstances, that their conduct would likely result in significant monetary damage to Judd Walker and nonetheless continued their conduct with malice or in reckless disregard of the consequences. Based on the egregious nature of their misconduct, Judd Walker is entitled to recover from the Defendants, jointly and severally, an award of punitive damages sufficient to punish them and deter others from engaging in such misconduct.

## DEMAND FOR JURY TRAIL

85.    The allegations of the preceding paragraphs of this Complaint are incorporated herein by reference. Plaintiff reserves the right to amend and/or supplement his claims and contentions based upon discovery in this case.

86.    The Plaintiff demands the issues of fact in this case be tried to a jury.


WHEREFORE, the Plaintiff prays for judgment against the Defendants for all damages allowed by law including, but not limited to compensatory damages in an amount to be determined by a jury empaneled to try the issues of fact in this case, in excess of the minimum amount required for federal court diversity jurisdiction; for punitive damages against the Defendants for the intentional torts described herein in an amount likewise to be determined by a jury empaneled to try the issues of fact in this case; for an accounting for all sums coming into the possession or under the control of the defendant from March 2018 to the date of trial resulting from the business

of the partnership described herein and in Bluefin Development, LLC, and in all other entities

created by Defendants in furtherance of the partnership entered into by and between Judd Walker

and the Defendants; and for a charging order against the assets of Bluefin Development, LLC, and

all other entities created by Defendants in furtherance of the partnership entered into by and

between Judd Walker and the Defendants in order to secure that the Plaintiff's damages will be

paid from the assets of those entities; for his cost and fees herein; and for such other and further

relief to which he may prove himself entitled.

Respectfully submitted,
Judd Walker

By _____

Kenneth P. "Casey" Castleberry
Ark. Bar No. 2003109
CASTLEBERRY LAW FIRM, PLLC
Post Office Box 7572
Little Rock, Arkansas 72217
(501) 804-8111 – telephone
casey@castleberrylawfirm.com

Of counsel:

Lance H. Lubel
Texas State Bar No. 12651125
LUBEL VOYLES LLP
675 Bering Drive, Suite 850
Houston, Texas 77057
Telephone No.: (713) 284-5200
Facsimile No.: (713) 284-5250
lance@lubelvoyles.com

(Of counsel will file a motion for admission *pro hac vice*.)

24